UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VICTOR FONDACARO, on behalf of himself and all others similarly situation,

                Plaintiff

-against-

OVERTON, RUSSELL, DOERR & DONOVAN, LLP and LINDA LEE DONOVAN,

                Defendants
------------------------------------------------------------------x

**CLASS ACTION COMPLAINT**
1:17-cv-964 (DNH/DJS)

## PRELIMINARY STATEMENT

1. The Plaintiff VICTOR FONDACARO ("Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendants. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon the Defendants' violations of the FDCPA, as set forth and alleged herein, the Plaintiff, and the class he seeks to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## **PARTIES**

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Montgomery County, New York.

5. The Defendant Overton, Russell, Doerr & Donovan, LLP ("ORDD"), is a partnership of lawyers and maintains a principle place of business located at 19 Executive Park Drive, Clifton Park, New York.

6. The Defendant ORDD collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail and telephone

7. The Defendant ORDD is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant Linda Lee Donovan ("Donovan") is a natural person, a duly admitted attorney at law and a Partner in the Defendant ORDD.

9. The Defendant Donovan collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail and telephone.

10. The Defendant Donovan is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **JURISDICTION & VENUE**

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFF

13. The Defendant ORDD has been retained to represent an entity doing business as Trustco Realty Corp. ("TRC").

14. TRC holds a mortgage upon the Plaintiff's residential home.

15. Due to financial distress, the Plaintiff was unable to pay the real estate taxes upon his residential home.

16. As a result of Plaintiff's inability to pay his residential real estate taxes, TRC made certain payment to the relevant tax authority.

17. The Plaintiff received a letter dated May, 2017 from the Defendants which sets forth at the top thereof "Re: Trustco Realty Corp." A copy of said letter is attached hereto as Exhibit "1".

18. The letter was the initial letter sent by the Defendants to the Plaintiff and includes therein the 30 day debt dispute/verification rights required by the FDCPA, 15 U.S.C. § 1692g.

19. The letter states in part:

> "As a result of your failure to pay certain real estate taxes as required by the terms of your mortgage, our client has paid those taxes, or a portion thereof, on your behalf and, as a result, has elected to accelerate the entire balance due and demand payment in full thereof."

20. Prior to the foregoing statement, the following is set forth in the letter:

> "Accelerated Balance: $86.308.44 + interest of $10.902 per day
> Past Due Balance: $9,786.08 + costs & interest"

21. The monetary obligation alleged to be owed by the Plaintiff is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

22. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

23. The Plaintiff's TRC debt was in default at the time it was referred to the Defendants for collection purposes.

24. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector is required to set forth the amount of a debt in an initial collection letter.

25. A debt collector is required to set forth the amount of the debt in a clear and non-confusing manner.

26. The Defendants failed to set forth the amount of the Plaintiff's alleged debt in a clear and non-confusing manner.

27. As stated above, the letter sets forth the total amount of the debt in two separate categories, "Accelerated Balance" and "Past Due Balance".

28. The monetary amount set forth under "Accelerated Balance" includes an amount of "interest at $10.902 per day" but fails to indicate the amount of alleged interest and the date said interest commenced.

29. The "Past Due Balance" includes an alleged set amount of $9,766.08 plus "+ costs and interest" but fails to set forth the total amount of the alleged additional costs and interest.

30. The letter is further confusing as it does not set forth the amount of past due taxes which TRC allegedly paid and which it sought from the Plaintiff via the letter.

## **CLASS ALLEGATIONS**

31. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. This claim is brought on behalf of a class consisting of all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of this Complaint, received a collection communication from the Defendants which is identical in content and form to the collection communication sent to the Plaintiff ("identical" does not include information specific to the Plaintiff).

33. The identities of all class members are readily ascertainable from records maintained by the Defendant.

34. Excluded from the classes defined heretofore herein are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

35. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

36. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

37. The Plaintiff will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney

has any interests, which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the class defined above are each so numerous that joinder of all members of the class would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants failed to set forth the amount of an alleged debt in a form collection letter and otherwise utilized false, deceptive and misleading debt collection means in the attempt to collect alleged personal debts.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the members of the class insofar as Plaintiff has no interests that are adverse to the absent members of the class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the herein class action lawsuit.

   (e) **Superiority:** A class action is superior to the other available means for the fair

    and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

39. The Defendants violated the FDCPA. The Defendants' violations include, but are not limited to, the following:

The Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to set forth the amount of a debt in an initial communication sent to the Plaintiff and members of the class defined herein;

The Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts and same are material in that the false representations in the letter effect the decision and/or ability of a consumer to pay and/or challenge an alleged debt;

The Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of alleged consumer debts;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and the class as set forth below:

(i)  The maximum statutory damages for himself and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii)  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii)  For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
August 24, 2017

ROBERT L. ARLEO, ESQ. P.C.

By: /s/ Robert L. Arleo
ROBERT L. ARLEO
380 Lexington Avenue
17th Floor
New York, New York 10168
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com
Attorney for the Plaintiff